**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

EKAETTE AKWA                                            *
*Aka: Ekaette Ukih[1]*
Plaintiff                                               *

v                                                       *            Civil Action No. PJM-16-1221

RESIDENTIAL CREDIT SOLUTIONS, INC.,  *
WILMINGTON SAVINGS FUND
SOCIETY, FSB,                                           *
GREGORY FUNDING, LLC, and
BWW LAW GROUP, LLC                                      *

Defendants                                              *
                                                       ***

**<u>MEMORANDUM OPINION</u>**

The above-entitled Complaint was filed on April 25, 2016, together with the full filing fee. For the reasons stated below, the Complaint must be dismissed without requiring service.

Plaintiff Ekaette Akwa alleges that Defendants have improperly foreclosed on her home because title to the note securing the mortgage was not properly transferred. ECF 1. She seeks declaratory judgment stating that Defendants have no authority to foreclose. *Id*. In addition to her claims regarding the foreclosure proceedings, Plaintiff asserts that applicable state and federal laws regarding debt collection practices were violated. *Id*. Presumably in the context of the latter claims, Plaintiff seeks unspecified monetary damages. *Id*.

In an exhibit attached to the complaint, Plaintiff's name is listed as "Ekaette Ukih" and the address of 3100 Memory Lane matches the address provided by Plaintiff on the Complaint *See* ECF 1 at Ex. A, p. 6. A search on the Maryland Judiciary Case Search site reveals two proceedings in the Circuit Court for Montgomery County under the name Ekaette Ukih with the same address noted on the papers filed with this Court which are clearly related to the matters

---

[1]     The Clerk shall correct the docket to reflect Plaintiff's alias.

asserted in the instant case.[2]  *See* http://casesearch.courts.state.md.us/inquiry.  The first such case is a closed foreclosure case filed on June 22, 2010.  *See id*. at *Burson, et al. v. Ukih*, Case No. 334275V (Cir. Ct. Mont. Co., Md.).  The second case is also a foreclosure case filed on July 3, 2013, which remains pending in the state court.  *See Ward, et al. v. Ukih*, Case No. 378757V (Cir. Ct. Mont. Co., Md).

Plaintiff is neither a prisoner nor is she proceeding in forma pauperis, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006) permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable. *See Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000); *Porter v. Fox*, 99 F.3d 271, 273 n.1 (8th Cir. 1996).  This Court, however, has the inherent authority to dismiss frivolous complaints even when the filing fee has been paid.  *See, e.g., Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000).  Additionally, this Court lacks subject matter jurisdiction over a frivolous claim making dismissal prior to service permissible.  *See Ricketts v. Midwest Nat'l Bank*, 874 F. 2d 1177, 1181 – 83 (7th Cir. 1989); *Franklin v. Oregan State Welfare Division*, 662 F. 2d 1337, 1342 – 43 (9th Cir. 1981).

The relief sought in the instant case, a declaratory judgment stating that Defendants have no authority to foreclose on Plaintiff's home, is prohibited.  Such a judgment is equivalent to an injunction as its effect would be to terminate the pending state court proceedings.  This Court is prohibited from granting "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to

---

[2]       Plaintiff is placed on notice that filing documents with this Court using a name other than her own for purposes of misleading the Court will not be tolerated and, upon proof that she is intentionally misleading the Court, may subject her to sanctions in the future.

protect or effectuate its judgments." 22 U.S.C. §2283. This law, which is known as the Anti-Injunction Act, also limits the Court's power to issue an injunction against a party to litigation in a state court.

To the extent Plaintiff is seeking review of the state court's decision regarding Defendants' authority to foreclose, it is a matter from which this Court must abstain.  "Under the *Rooker-Feldman*[3] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003) quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).  The *Rooker-Feldman* doctrine is jurisdictional and, as such, this Court is free to raise it *sua sponte*.  *See Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 197 n. 5 (4th Cir.1997).

Plaintiff remains free to raise the claims raised in the instant Complaint in the context of the state court case.  The Complaint shall be dismissed without prejudice by separate Order which follows.


_____/s/_____
May 2, 2016                                     PETER J. MESSITTE
                                                      UNITED STATES DISTRICT JUDGE

---

[3]       *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, (1983); *Rooker v.  Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).